IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TYRONE A. ANDREWS,             )
                               )
          Plaintiff,           )
                               )
     v.                        )      1:24CV925
                               )
DUKE ENERGY, et al.,           )
                               )
          Defendants.          )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), filed in conjunction with a Complaint for a Civil Case (Docket Entry 2; see also Docket Entry 4 (Addendum)). The Court will grant the instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at Section 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to

balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

ANALYSIS

Plaintiff has sued Duke Energy (and/or one of its top officers/executives), as well as the North Carolina Utilities Commission (and/or its chair) (see Docket Entry 2 at 1-2), for engaging in a "monopoly" (id. at 3).[1] More specifically, the Complaint alleges: "Duke Energy is a monopoly. No other electric company to go to. If Duke [Energy] says no it is no." (Id. at 7; see also id. at 5 ("This case has ensued because [Plaintiff's] electric[ity] is currently off."), 6 ("My Complaint began because my bill was high."), 7 ("requesting the Court to order Duke [Energy] to restore [Plaintiff's] power," as well as to require "[North Carolina] Utilities Commission to complete [Plaintiff's] appeal process," and grousing that Duke Energy countered Plaintiff's objection to disconnection of his electricity during pendency of administrative appeal by "only ask[ing] for payment,"

---

[1] Pin cites to the Complaint refer to the page numbers that appear in the footer appended to that document upon its docketing in the CM/ECF system (not to any internal pagination).

2

as well as that "[North Carolina] Utilities Commission . . . ignored [him]"); Docket Entry 4 at 1-3 (listing eight forms of damages incurred by Plaintiff due to electricity disconnection), 4 ("Duke Energy owes me the payments made [for goods/services lost due to electricity disconnection]. [The North Carolina] Utilities Commission was made aware but did not do anything.").)

"Duke Energy is a regulated public utility that produces electricity." Southern All. for Clean Energy v. Duke Energy Carolinas, LLC, 650 F.3d 401, 403 (4th Cir. 2011). In turn, North Carolina law "gives the [North Carolina Utilities] Commission the power to supervise and control the public utilities in [this] State." State ex rel. Utils. Comm'n v. North Carolina Waste Awareness & Reduction Network, 255 N.C. App. 613, 616, 805 S.E.2d 712, 714 (2017) (internal quotation marks omitted). Moreover, North Carolina law "clearly reflects the policy adopted by the [state] legislature that a regulated monopoly best serves the public, as opposed to competing suppliers of utility services." Id. at 619, 805 S.E.2d at 716 (emphasis added). Accordingly, Plaintiff's (largely conclusory) monopoly claim cannot succeed, notwithstanding the fact that "Congress overwhelmingly passed and President Benjamin Harrison signed the Sherman Act in 1890, protecting consumers from monopoly prices," Apple Inc. v. Pepper, 587 U.S. 273, 288 (2019) (internal quotation marks omitted), because "[t]he state in adopting and enforcing the [regulated

3

monopoly] program made no contract or agreement and entered into no conspiracy in restraint of trade or to establish monopoly but, as sovereign, imposed the restraint as an act of government which the Sherman Act did not undertake to prohibit," Parker v. Brown, 317 U.S. 341, 352 (1943); see also id. ("[T]he state command . . . is not rendered unlawful by the Sherman Act since, in view of the latter's words and history, it must be taken to be a prohibition of individual and not state action.").

In sum, the actions (or inactions) of Duke Energy and the North Carolina Utilities Commission which Plaintiff seeks to challenge in the Complaint (i.e., Duke Energy's acts of charging electricity prices Plaintiff deems too high and of cutting off his electricity for non-payment while he disputed his bill, as well as the failure of the North Carolina Utilities Commission to require Duke Energy to restore Plaintiff's electricity) "find shelter under *Parker*, [because] the acts complained of . . . result [from] state action, either by state officials or by private individuals under active supervision of the state," Washington Gas Light Co. v. Virginia Elec. & Power Co., 438 F.2d 248, 251 (4th Cir. 1971) (internal quotation marks omitted); see also id. at 254 ("[T]he rationale and underlying purpose of both the Sherman and Clayton Acts is to prevent monopoly where it is not in the public interest. It has long since been established that both gas and electricity can best be produced and distributed (and the public benefited) by

4

monopoly under state regulation.  The problem here is not one of preventing monopoly . . . but of making lawful monopoly work best in the public interest. . . .  [A state utility commission] can do a better job than private piecemeal application of [federal] laws aimed against monopoly.").

CONCLUSION

Plaintiff's monopoly claim fails as a matter of law.

**IT IS THEREFORE ORDERED** that the instant Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL**.

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

                                            /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**

October 17, 2025